```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JAMES I. WARD,

      Plaintiff,

v.                        //       CIVIL ACTION NO. 1:11CV68
                                        (Judge Keeley)

KUMA DEBOO
ELLEN MACE-LEIBSON
DR. RAMIREZ
DR. R. ALLEN
RENDI THOMAS

      Defendants.
```

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court for review is the Magistrate Judge's Report and Recommendation ("R&R") concerning the civil rights action filed by James I. Ward. For the reasons set forth below, the Court **ADOPTS** the R&R in its entirety.

### I.

On May 4, 2011, the pro se plaintiff, inmate James I. Ward ("Ward"), filed a complaint pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against Kuma Deboo ("Deboo"), Warden of the Federal Correctional Institution in Gilmer, West Virginia ("FCI Gilmer"), and Dr. Ellen Mace-Leibson ("Mace-Leibson"), former Health Services Clinical Director at FCI Gilmer. Ward alleged that Deboo and Mace-Leibson violated the Eighth Amendment's prohibition against cruel and

**WARD v. DEBOO**                                                                               **1:11CV68**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

unusual punishment by acting with deliberate indifference in failing to adequately treat his osteoarthritis. (Dkt. No. 1). On January 17, 2012, Ward filed an amended complaint, which asserted the same claims against three additional defendants, Dr. Ramirez ("Ramirez"), who is the Regional Bureau of Prisons ("BOP") Clinical Director, Dr. R. Allen ("Allen"), who is the Chief of BOP Health Programs, and Rendi Thomas ("Thomas"), who is the Medical Designator at the BOP Office of Medical Designation and Transportation.[1] (Dkt. No. 59). On October 31, 2011, Deboo and Mace-Leibson filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. (Dkt. No. 31). The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with LR PL P 2.

On January 18, 2012, Magistrate Judge Seibert issued an R&R, in which he recommended that Deboo and Mace-Leibson's motion to dismiss be granted and Ward's claims against all five defendants be dismissed with prejudice. (Dkt. No. 60). Magistrate Judge Seibert determined that Ward's allegations reflected mere disagreement with his physicians' decisions regarding his medical care and failed to

---

[1] Ramirez, Allen, and Thomas have not been served. Pursuant to 28 U.S.C. § 1915A, Magistrate Judge Seibert screened Ward's claims against them and recommended they be dismissed.

**WARD v. DEBOO**                                                              **1:11CV68**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

show that the defendants acted with deliberate indifference toward his medical condition, as required to sustain a claim under the Eighth Amendment. Moreover, because <u>respondeat</u> <u>superior</u> liability is not available under <u>Bivens</u>, Magistrate Judge Seibert concluded that, because Ward did not allege any specific action by Deboo, he had failed to state a claim against her.

On February 27, 2012, Ward filed timely objections to the R&R,[2] in which he maintained that Mace-Leibson, Ramirez, and Allen had acted with deliberate indifference by failing to afford him "proper" treatment. (Dkt. No. 66). After conducting a <u>de</u> <u>novo</u> review, the Court concludes that Ward's objections are without merit.

## II.

Ward suffers from osteoarthritis in his left knee, and his condition is exacerbated by his 6' 5" frame and weight, which has fluctuated between 286 and 335 pounds. (Dkt. No. 32-1). Prior to incarceration, Ward's physician at a Veterans Administration Medical Center ("VAMC") had diagnosed his osteoarthritis and discussed knee-replacement surgery as one of several possible treatment options. Ward, however, was imprisoned before the VAMC

---

[2] The Court granted Ward leave an extension of time in which to file objections. (Dkt. No. 63).

3

**WARD v. DEBOO**                                                                 **1:11CV68**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

made any final decision as to surgery. As thoroughly discussed by Magistrate Judge Seibert in the R&R, BOP medical staff have provided regular and frequent care for Ward's knee, starting with his initial medical screening at FCI Gilmer on August 6, 2009 and continuing throughout his time in BOP custody. This treatment has included medication, external joint support, activity restrictions, and access to handicap cells and other special equipment. Although his treating physicians discussed and, at times, recommended further evaluation for surgical intervention, they consistently cautioned that Ward's size and weight would likely preclude a successful knee replacement. See (Dkt. Nos. 59-1, 59-2).

In his objections to the R&R, Ward argues that, because his treatment regimen did not alleviate his pain, "proper" treatment of his condition required surgery. In his view, Mace-Leibson, Ramirez, and Allen each acted with "deliberate indifference" by refusing to authorize surgery despite evidence that it remained a viable option. As support, Ward cites the recommendation of his VAMC physician (dkt. no. 66-2) and an article from the Journal of Bone & Joint Surgery, which discusses the clinical outcomes of knee-replacement surgery on obese patients (dkt. no. 66-3).

**WARD v. DEBOO** 1:11CV68

**ORDER ADOPTING REPORT AND RECOMMENDATION**

### III.

Pursuant to the Eighth Amendment's prohibition against cruel and unusual punishment, the government must provide medical care to those it incarcerates. Estelle v. Gamble, 429 U.S. 97 (1976). To sustain a Bivens claim alleging a violation of this duty, a plaintiff must show (1) that he suffered from an objectively "serious medical condition" not "timely or properly treated" and (2) that, subjectively, the defendants acted with "deliberate indifference" toward his condition. Wilson v. Seiter, 501 U.S. 294, 298 (1991); Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001).

### A.

Under the objective prong of Estelle, a "serious" medical condition is one "diagnosed by a physician" or one that is "so obvious that even a layperson would recognize the need for a doctor's treatment." Harden, 27 F. App'x at 177. Arthritic conditions significantly affecting daily activities and causing chronic pain meet this standard. Finley v. Trent, 955 F. Supp. 642, 646 (N.D.W. Va. 1997). As "[q]uestions of medical judgment are not subject to judicial review," Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975), improper or untimely treatment usually involves an absolute denial of medical attention or a delay of treatment for

**WARD v. DEBOO**                                                               **1:11CV68**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

non-medical reasons. Hunt v. Sandhir, 295 F. App'x 584, 586 (4th Cir. 2008).

In some situations, proper treatment may necessitate surgery. Webb v. Hamidullah, 281 F. App'x 159, 165 (4th Cir. 2008). Where surgery has certain prerequisites, however, proper treatment requires close monitoring and treatment of symptoms until these prerequisites are met. Id. at 167 (holding that until a patient's hernia was irreducible and thus a candidate for surgery, monitoring condition, observing signs of pain, and providing medication constituted timely and proper treatment). Furthermore, where the dangers of surgery outweigh any potential benefits, non-surgical treatments are "adequate [and] reasonable." Johnson v. Doughty, 433 F.3d 1001, 1014 (7th Cir. 2006).

Here, although Ward's osteoarthritis may be a serious medical condition, he has failed to show that his treatment by BOP employees was either untimely or improper. BOP physicians saw Ward on no fewer than fourteen occasions, prescribing oral and topical medications, ordering and examining x-rays, providing external supports and a handicap cell, and consulting with Ward regarding weight loss as a prerequisite to surgery. (Dkt. No. 32-1). Moreover, surgery was not required for proper treatment. As the article submitted by Ward documents, "the effect of morbid obesity

**WARD v. DEBOO**  1:11CV68

**ORDER ADOPTING REPORT AND RECOMMENDATION**

on the outcome of [knee-replacement surgery] is of great concern" because obese subjects suffer from inhibited function and bear a "great risk" of infection and ligament damage. Raz Winiarsky, M.D. et al., "Total Knee Arthroplasty in Morbidly Obese Patients," 80 J. Bone & Joint Surgery 1770-74 (2008). In light of such risks, the defendants' decision not to operate did not amount to improper care.[3]

**B.**

Under Estelle's subjective prong, "deliberate indifference" entails "something more than negligence," Farmer v. Brennan, 511 U.S. 825, 835-37 (1994), and may include prison officials "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104. Ward's claims fail to establish even negligence by his physicians, and fall far short of establishing

---

[3] In his objections, Ward raises a new argument, that Mace-Leibson exhibited deliberate indifference by failing to honor his request for a wheelchair. This, too, is without merit. Ward himself admitted that he did not require a wheelchair, as he only used the brace and cane provided to him when "out on [the] yard." (Dkt. No. 53-6 at 2). Given Ward's ability to ambulate without aid, there is nothing to suggest that Mace-Leibson intentionally subjected Ward to a "substantial risk of serious harm" by denying his request for a wheelchair. See Todd v. Walters, 166 F. App'x 590, 592 (3rd Cir. 2006) (holding that, even where inmate clearly exhibits decreased mobility, he must still show defendants recognized deprivation of a wheelchair would cause "painful or permanent" injury).

**WARD v. DEBOO**  1:11CV68

**ORDER ADOPTING REPORT AND RECOMMENDATION**

that the defendants committed acts intended to interfere with his medical care.

His contention that the defendants provided him only "cursory" medical attention is unfounded. As discussed above, Ward's physicians treated him on multiple occasions (dkt. no. 32-1), adjusted medication per his complaints (id.), and submitted a surgical referral request on his behalf (dkt. no. 53-6). Their decision not to authorize surgery was grounded in legitimate concerns that dangers due to Ward's obesity would outweigh any potential benefits from surgical treatment. See Johnson, 433 F.3d at 1014. This decision reflects the professional judgment of Ward's medical care givers and does not indicate, or even suggest, an intent to interfere with his treatment.

As such, Ward has failed to allege facts sufficient to satisfy either the objective or subjective elements of his deliberate indifference claim.

**IV.**

For the reasons discussed, the Court:

1. **OVERRULES** Ward's objections to the Report and Recommendation and **ADOPTS** it in its entirety (dkt. no. 60);

**WARD v. DEBOO**                                                    **1:11CV68**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

    2.   **GRANTS** Deboo and Mace-Leibson's Motion to Dismiss, or in the Alternative, for Summary Judgment (dkt. no. 31); and

    3.   **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within (30) days from the date of the entry on the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

    It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate Judgment Order and to transmit copies of both Orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

DATED: June 20, 2012

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE